AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 7/18/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: MMC DEPUTY |

# UNITED STATES DISTRICT COURT
for the
Central District of California

| FILED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 7/18/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: CGM DEPUTY |

United States of America

v.

Dorian Knight,

Defendant

Case No. 2:25-MJ-04453-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of June 27, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Paul Lin, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 07/18/2025

*Judge's signature*

City and state: Los Angeles, California

Hon. A. Joel Richlin, U.S. Magistrate Judge
*Printed name and title*

AUSA: Matthew J. Tako (x0705)

**AFFIDAVIT**

I, Paul Lin, being duly sworn, declare and state as follows:

**PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint and arrest warrant against Dorian KNIGHT for a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

**BACKGROUND OF AFFIANT**

3. I am a Task Force Officer ("TFO") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Los Angeles Field Division.

4. My duties as a TFO include, but are not limited to, investigating cases pertaining to firearms trafficking and cases where firearms were used during the commission of a violent crime. As a TFO, I am authorized by law to prevent, detect,

investigate, and support the prosecution regarding violations of Federal criminal laws.

5. In addition to my duties as an ATF TFO, I am also a Detective with the Los Angeles County District Attorney's Office, Bureau of Investigation ("LADA-BOI"), where I am currently assigned to the Major Crimes Unit. As a Major Crimes detective, I assist with the investigation of homicides, robberies, and other high-profile cases. My previous assignments at LADA-BOI also include the Consumer Protection Unit where I investigated complex fraud schemes and white-collar crimes. I have also worked in the Trial Support Unit assisting Deputy District Attorneys with locating difficult to find and often uncooperative victims and witnesses who are unwilling to attend court proceedings.

6. Prior to my employment with LADA-BOI, I was a sworn peace officer with the city of Burbank, in the state of California, for approximately nine years. During this time, I worked as a Patrol Officer and Field Training Officer where I was a first responder enforcing California criminal law. Some of these violations include, but are not limited to, investigating firearm and gang-related crime, as well as narcotics violations.

## STATEMENT OF PROBABLE CAUSE

7. Based on my review of law enforcement reports, photos, and conversations with other law enforcement agents, and my own knowledge and participation in the investigation, I am aware of the following:

**A.   El Segundo Police Officers Detained KNIGHT After a Traffic Stop**

8.  On June 27, 2025, at approximately 8:01 P.M., patrol officers with the El Segundo Police Department ("ESPD") were working uniformed patrol in a marked police vehicle. As they were driving, they saw a car travelling westbound on Imperial Highway approaching Vista Del Mar, near the entrance to Dockweiler Beach. Based on a record check, officers learned that the car's registration expired on January 23, 2023, and was suspended on December 20, 2023.  Based on this, the officers conducted a traffic stop of the car for a violation of California Vehicle Code Section 4000(a)(1).

9.  The officers approached the car and spoke with the driver, KNIGHT.  KNIGHT told officers that he was a sovereign citizen and that his vehicle was his house and, as such, that he did not have to pay vehicle registration. A records check showed that KNIGHT was the registered owner of the car.

10.  As they spoke to KNIGHT, officers saw a knife in the car. Officers requested that KNIGHT get out of the car, but he refused. KNIGHT became argumentative with the officers. A further records check revealed that KNIGHT's driver's license was expired as of September 25, 2017 (violation of California Vehicle Code Section, 12500(a)).

11. After the officers' supervisors arrived on scene to assist with convincing KNIGHT to get out of the car, KNIGHT eventually complied and partially opened the driver's side door,

which allowed officers to safely detain KNIGHT and secure him in the backseat of their patrol vehicle.

12. Officers decided to impound KNIGHT's vehicle per violation of California Vehicle Code Section 22651(o) (expired vehicle registration greater than six months) since the vehicle's registration was suspended and expired. As officers conducted an inventory search of the vehicle, they located four loose 9mm bullets concealed inside of a sock in the car's center console.

13. Officers further discovered via a records check that KNIGHT had six prior felony convictions.

14. KNIGHT was <u>Mirandized</u> and, when asked about the bullets, stated that he stole the bullets from his "homeboy's" house.

15. When the tow truck arrived, the tow truck driver entered KNIGHT's car to conduct an inspection prior to towing it. Officers heard the tow truck driver scream and quickly exit the vehicle. The tow truck driver told officers that she found a gun in KNIGHT's car, which was concealed in a beanie that she had moved from the driver's seat to the front passenger's seat.

16. Officers checked the car and located the firearm. The firearm recovered from KNIGHT's vehicle appeared to be in good working condition and was loaded at the time of its discovery. The firearm had a total of nine live 9mm rounds in the ten-round capacity magazine and one live 9mm round in the chamber.

17. A records check of the recovered firearm revealed that the firearm was reported stolen out of Avondale Police Department in Arizona.

18. Still under <u>Miranda</u>, officers asked KNIGHT about the gun that was found in his car. KNIGHT told officers he knew nothing about it and he refused to elaborate further.

**B.   KNIGHT's Criminal History**

19. On July 10, 2025, I reviewed records from the Los Angeles County Superior Court and learned that KNIGHT has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

   a.   Burglary, Second Degree, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number BA061985, on or about September 11, 1992.

   b.   Assault with a Firearm on a Person, in violation of California Penal Code Section 245(a)(2), in the Superior Court for the State of California, County of Los Angeles, Case Number GA015557, on or about August 20, 1993. In addition, there was a sentencing enhancement added to this case due to KNIGHT's prior felony conviction per California Penal Code Section 667.5(b).

   c.   Carrying a Loaded Firearm in a Public Place, in violation of California Penal Code Section 12031(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number SA040412, on or about February 28, 2001.

    d. Unlawful Sex with a Minor, in violation of California Penal Code Section 261.5(d), in the Superior Court for the State of California, County of Los Angeles, Case Number TA083518, on or about May 4, 2006.

    e. Burglary, First Degree, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number SA092662, on or about April 6, 2016. In addition, there was a sentencing enhancement added to this case due to KNIGHT's prior felony conviction per California Penal Code Section 667(a).

    f. Obstruct/Resisting an Executive Officer, in violation of California Penal Code Section 69, in the Superior Court for the State of California, County of Los Angeles, Case Number MA081187, on or about May 10, 2021.

  **C.** **Interstate Nexus**

  20. On July 16, 2025, ATF Special Agent and Firearms and Ammunition Interstate Nexus Expert Tiffany Lamphere examined photos of the firearm and ammunition recovered from KNIGHT's car and confirmed that the firearm and ammunition were manufactured outside the state of California. Because the firearm and ammunition were found in Los Angeles, California, I concluded that both had traveled in and affected interstate commerce.

//
//
//

## CONCLUSION

22. For all the reasons described above, there is probable cause to believe that KNIGHT has committed a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition).

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 18th day of
July, 2025.

_____
HONORABLE A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE